# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2010

Charles R. Fulbruge III
Clerk

No. 08-51134
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO CASTILLO-CHAVIRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1405-ALL

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sergio Castillo-Chavira (Castillo) appeals his guilty plea conviction for importing more than 50 kilograms of marijuana. He argues that the magistrate judge plainly erred in failing to advise him of the defense of duress and that the district court erred when it adopted the magistrate judge's recommendation and accepted Castillo's guilty plea.

When, as here, a defendant argues for the first time on appeal that there was an insufficient factual basis for his guilty plea, this court reviews the issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for plain error. *United States v. Castro-Trevino*, 464 F.3d 536, 540-41 (5th Cir. 2006). Rule 11 contains no provision requiring the district court to advise a defendant of possible defenses. Further, Castillo has failed to identify, and the record does not disclose, any Rule 11 violation. Nor did the factual basis supply facts triggering a duty on the part of the district court to advise Castillo of the defense. *Cf. United States v. Adams*, 566 F.2d 962, 968 (5th Cir. 1978). Last, Castillo's reliance on facts in the Presentence Report to support a defense of duress is specious insofar as those facts were not before the court during the plea colloquy.

Castillo also argues that, in light of the district court's statements at sentencing, the court should have sua sponte set aside the plea agreement. Castillo, however, did not file a motion to withdraw his guilty plea. Moreover, the cases on which he relies and are not analogous. Thus, Castillo fails to show that the district court's failure to sua sponte set aside the guilty plea was plain error.

AFFIRMED.